UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANNA COOLEY | ) | CIVIL ACTION |
|     Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| THOMAS LANDIS | ) | JURY TRIAL CLAIMED |
| & PINNACLE CREDIT SERVICES, LLC | ) | |
|     Defendants | ) | |
| | ) | MAY 11, 2011 |

## COMPLAINT

1. This is a suit brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* and includes pendent State law claims for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*, for intentional infliction of emotional distress, and for violation of the Consumer Collection Practices Act ("CCPA") Conn. Gen. Stat. §§ 36a-645 *et seq.*

2. Plaintiff, Anna Cooley, is a natural person residing in Enfield, Connecticut.

3. Defendant Thomas Landis ("Landis") is an attorney licensed to practice law in the state of Pennsylvania with a principal place of business in Trevose, Pennsylvania, and is engaged in the business of collecting debts from residents of Connecticut. Landis uses instrumentalities of interstate commerce in the collection of debts and is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

4. Defendant Pinnacle Credit Services, LLC ("Pinnacle") is Limited Liability Company located in Minnesota that purchases delinquent consumer debt and is a debt collector as that term is defined by FDCPA.

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1367 and 1337, and Fed. R. Civ. P. 18(a).

6. This Court has jurisdiction over Defendants because they engage in debt collection within Connecticut.

7. Venue in this Court is proper, as the Plaintiff is a resident and the acts complained of occurred in this state.

8. Plaintiff's husband, who is now deceased, had opened an account with U.S. Bank prior to his death (the "Account"); Plaintiff's husband had only used the Account to purchase non-essential consumer items, and U.S. Bank had claimed that he owed a debt on the Account.

9. The Account was in Plaintiff's husband's name only. Plaintiff was neither a signatory on the Account nor an authorized user.

10. U.S. Bank subsequently sold the Account to Pinnacle.

11. Pinnacle assigned the Account to Landis for collection purposes.

12. In or around the beginning of January 2011, shortly after Plaintiff's husband had died, Plaintiff received from Landis a letter addressed to her deceased husband which had been sent in an attempt to collect on the Account; that letter stated that Landis was attempting to collect the Account on behalf of Pinnacle Credit Services, LLC.

13. On or around that same day, Plaintiff called Landis in response to the aforementioned letter and spoke to one of his representatives, and during that conversation, Plaintiff explained that it was her husband's account and that he had died just two weeks prior; that representative replied that it did not matter that her husband

had died because Plaintiff, as his spouse, was liable for any debt on the Account, and she also told Plaintiff that U.S. Bank would place a lien on Plaintiff's home if necessary to collect on the Account and assured Plaintiff that such representations were true since she was a paralegal and worked for a lawyer.

14. Under Connecticut law, Plaintiff was not liable for the alleged debt on the Account; furthermore, at the time that representative made those statements to Plaintiff, as described above, Landis had neither the right nor the intent to place a lien on the house with respect to the Account.

15. The statements as described above caused Plaintiff to suffer considerable emotional distress in the form of worry, stress, and anxiety; she feared that would be unable to pay the alleged debt and lose her house as a result, and the emotional distress she suffered was compounded by her husband's recent passing.

16. By the collection activities described above, Landis violated the FDCPA, CUTPA, and committed intentional infliction of emotional distress, and Defendant Pinnacle violated the FDCPA, CCPA and CUTPA.

WHEREFORE, the Plaintiff seeks recovery of actual damages (including emotional distress related damages) pursuant to 15 U.S.C. § 1692k, C.G.S. § 42-110g, and C.G.S. § 36a-646; statutory damages pursuant to 15 U.S.C. § 1692k and C.G.S. § 36a-646; attorney's fees and costs pursuant to 15 U.S.C. § 1692k, C.G.S. § 36a-646, and C.G.S. § 42-110g; punitive damages pursuant to C.G.S. § 42-110g; and such other relief as this Court deems appropriate.

**PLAINTIFF, ANNA COOLEY**

By: /s/ Daniel S. Blinn_____
  Daniel S. Blinn, ct02128
  Matthew W. Graeber ct27545
  dblinn@consumerlawgroup.com
  Consumer Law Group, LLC
  35 Cold Spring Rd. Suite 512
  Rocky Hill, CT  06067
  Tel. (860) 571-0408 Fax (860) 571-7457

4